IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SARA HOEHN

    Petitioner,
v.                                          Case No. 5:23-cv-125/TKW/MAL

WARDEN F.C.I. MARIANNA[1]

    Respondent.
_____/

**ORDER, REPORT AND RECOMMENDATION**

Petitioner Sara Hoehn initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' designation of her as having committed a crime of violence. ECF No. 2. This case is before me on the Government's response in opposition to the § 2241 petition, ECF No. 8, and Hoehn's reply. ECF No. 9. After careful consideration of the record and relevant law, I recommend the § 2241 petition be denied. Hoehn also filed a "Motion to Compel" this Court to act on her petition. ECF No. 10. The petition was under advisement at the time she filed her motion to compel, and the motion is denied as moot due to the entry of this recommendation.

---

[1] It is sufficient to generically identify the warden of the facility where a petitioner is currently incarcerated as the respondent. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021).

I.     BACKGROUND

In December of 2011, a grand jury in the Northern District of Florida returned an indictment charging Hoehn as follows: Count One--conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846; Count Two—manufacturing and possessing with intent distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and Count Three—possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(B)(i), and 2. N.D. Fla. Case 5:11cr46/MW, ECF No. 1. Hoehn was not charged in Count Four.

A jury convicted Hoehn as charged. Case 5:11cr46/MW, ECF No. 74. The court sentenced her at the mid-point of the applicable guidelines range to a term of 331 months' imprisonment, which included the mandatory consecutive 120-month sentence on Count Three. ECF Nos. 91, 92. On appeal Hoehn unsuccessfully challenged the drug quantity determination and district court's denial of her motion for judgment of acquittal on Count Three.[2] ECF No. 108. The district court later reduced Hoehn's total term of imprisonment to 289-months' imprisonment because

---

[2] At sentencing Hoehn's attorney argued no forensic evidence linked her to either of the two weapons found in the hotel room, and she did not have actual possession of the guns. Case 5:11cr46/MW, ECF No. 103 at 5-6, 17.

of Amendment 782 to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582. ECF Nos. 111, 125, 126.

In 2015, Hoehn filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Case 5:11cr46/MW, ECF No. 116. Her motion was denied. ECF Nos. 142, 148. The district court also denied three motions for compassionate release and motions for reconsideration thereof. ECF No. 154, 156, 165, 168, 174, 180.

In August of 2022, Hoehn filed a second § 2255 motion, which was dismissed as an unauthorized second or successive § 2255 motion. Case 5:11cr46/MW, ECF Nos. 181, 188, 189.

In February of 2024, the district court again reduced Hoehn's sentence, to 255 months, pursuant to Part A of Amendment 821 of the Sentencing Guidelines. Case 5:11cr46/MW, ECF No. 198.

In 2024, the district court denied two additional motions for compassionate release. Case 5:11cr46/MW, ECF Nos. 204, 208. Hoehn appealed the latter denial, and that appeal remains pending before the Eleventh Circuit. No direct challenges to her criminal conviction are pending.

**II.  DISCUSSION**

In her petition, Hoehn raises a single ground for relief. She claims the BOP is committing constitutional error by designating her as having committed a "crime of

violence." She complains that this designation prevents her from earning sentencing credits under the First Step Act (FSA) and from being considered for home confinement under the CARES Act. ECF No. 2 at 8. Petitioner cites the decision of the United States Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022) for the proposition that "crimes of violence under 18 U.S.C. § 924(c)(1)(A) are distinct from drug trafficking crimes, which are charged with a gun charge under § 924(c)(2)." ECF No. 2 at 3. She appears to argue that because the drug trafficking crime that formed the basis for her § 924(c) charge was not a crime of violence, it is unconstitutional for the BOP to designate her as having committed a crime of violence.

First, it is important to reiterate that section 924(c) proscribes possession of a firearm in furtherance of *either* a crime of violence *or* a drug trafficking crime. Therefore, a conviction under § 924(c) does not require a finding that an individual committed a crime of violence. Petitioner's § 924(c) conviction was predicated on her commission of two drug trafficking crimes. Thus, the Supreme Court's decision in *Taylor*, which focused on whether conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery were "crimes of violence" under 924(c)(3)(A) is inapposite.

Liberally construing the petition, the Court next considers whether Hoehn's § 924(c) conviction alone is sufficient to disqualify her from earning sentencing credits under the FSA or from placement on home confinement. Unfortunately for Hoehn, the answer is yes.

A. First Step Act

Pursuant to the First Step Act of 2018, the Attorney General developed a risk and needs assessment system to determine the appropriate programing for inmates within the BOP and providing incentives and rewards for prisoners who successfully completed the recidivism-reduction programming to which they were assigned. 18 U.S.C. § 3632(a) and (d). This included the award of credit towards prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4). However, not every inmate is eligible to benefit from the program. Congress identified myriad categories of prisoners who are ineligible to earn time credits solely based upon the offenses for which they were convicted. 18 U.S.C. § 3632(d)(4)(D). This includes inmates convicted of violations of § 924(c), "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). The statute does not differentiate between the two means of committing a § 924(c) offense. Additionally, the list of disqualifying offenses is not limited to those involving or potentially involving violence. *See, e.g.,*

U.S.C. § 3632(d)(4)(D)(xxiii) (disqualifying inmates serving sentences for offenses relating to fraud and related activity in connection with computers); § 3632(d)(4)(D)(xxix) (offenses relating to providing or possessing contraband in prison); § 3632(d)(4)(D)(xxxviii) (offenses relating to failure to register as a sex offender). Finally, the BOP has codified the statute in its own regulations which provide that if an "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2). Whether the BOP has designated Petitioner as having been convicted of a "crime of violence" is irrelevant for purposes of the FSA. Unless Hoehn's § 924(c) conviction is overturned, Congress has determined she is ineligible to receive FSA credits.

B. CARES Act

In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Under the CARES Act, the BOP was granted temporary expanded authority to place prisoners in home confinement. CARES Act, Pub. L. No. 116-136, § 120003(b)(2), 134 Stat. 281, 515 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the

Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). The Attorney General issued a Memorandum dated March 26, 2020, which includes the inmate's crime of conviction as a factor to consider in assessing which inmates should be granted home confinement. *See* [https://www.justice.gov/file/1262731/download](https://www.justice.gov/file/1262731/download). Under the BOP's categorization of offenses in Program Statement 5162.05, Hoehn's crime of conviction under § 924(c) is considered a crime of violence in all cases, regardless of whether the possession of a firearm was in furtherance of a crime of violence or a drug trafficking crime. Although Hoehn takes issue with the definition of "crime of violence" used by the BOP, there is nothing unconstitutional with the BOP using a definition for its own classification determinations that is different from the definition provided in Title 18, Untied States Code, § 924(c)(3).

In any event, this matter has become moot with the expiration of the CARES Act. According to the plain language of the CARES Act, the Director's expanded authority to place prisoners in home confinement expired at the end of the "covered emergency period." *See* Home Confinement Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 87 Fed. Reg. 36787-01, 2022 WL 2192080 (June 21, 2022). The term "covered emergency period" refers to the period beginning on

the date the President declared a national emergency with respect to COVID-19 and ending 30 days after the date on which the national emergency declaration terminates. *Id*. The President declared the COVID-19 pandemic to be a national emergency on March 13, 2020. *See* Proclamation No. 9994, 85 Fed. Reg. 15337 (March 13, 2020). On April 10, 2023, the President signed into law the termination of the national emergency relating to the COVID-19 pandemic. *See* National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, the CARES Act's expanded home confinement authority ended 30 days later, on May 11, 2023, shortly after Hoehn filed her petition under the prison mailbox rule. *See* CARES Act § 12003(a)(2).

As this Court has previously noted, multiple courts that have considered the issue have determined because the covered emergency period has terminated, the BOP does not presently have authority to newly transfer inmates to home confinement under the CARES Act. *See Gow v. Wingfield,* Case 5:23cv146/MCR/MAL, 2024 WL 2835504 (Feb. 1, 2024) (citing *Ahmed v. Otisville*, No. 23-CV-454 (PGG) (RWL), 2023 WL 9113089, *3 (S.D. N.Y Dec. 13, 2023); *Carr v. Warden*, No. SAG-23-966, 2023 WL 8650293, at *2 (Dec. 14, 2023)), *report and recommendation adopted,* 2024 WL 283400 (N.D. Fla. Jun. 4, 2024); *Watson v. Warden*, No. CV DLB-23-964, 2024 WL 308958, at *2 (D. Md. Jan. 26, 2024)

(dismissing petition for writ of habeas corpus for lack of jurisdiction as moot where CARES Act authorization ended after petition filed) (collecting cases). Therefore, requests for relief in various forms arising under the CARES Act have been found to be moot. *See, e.g., Gow; Ahmed; Carr; Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*, No. CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023). Due to the expiration of the CARES Act, Hoehn is not entitled to relief.

Even if this matter were not moot, "[n]either § 3624(c)(2) nor the CARES Act provides the judiciary any authority to grant an inmate home confinement." *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *2 (11th Cir. Feb. 6, 2023) (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)). The BOP's decisions regarding where prisoners are confined generally are not subject to judicial review. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Relief in the form of an order directing the BOP to transfer Hoehn to home confinement is therefore not available.

Hoehn clarifies that the end-goal of her petition is not an order requiring the BOP to transfer her to home confinement, but instead to have the designation of

"crime of violence" removed from her file and to compel the BOP to "consider" her for transfer to home confinement. ECF No. 9 at 6. But, as explained above, the BOP no longer has authority to grant relief under that Act. Therefore, no order from this Court could result in the relief she ultimately seeks, even if she could somehow prove she was improperly denied consideration before the expiration of the CARES Act. *See Gow,* 2024 WL 2835504 at *3 (*citing Cuney*, 2023 WL 6200803, at *2; *Carr*, 2023 WL 8650293, at *3); *Watson*, 2024 WL 308958, at *3. Furthermore, what is essentially a request for declaratory relief stating that Hoehn was not convicted of a crime of violence, and she should be "considered" for transfer to home confinement would not change the fact or duration of her imprisonment, and it is therefore not appropriate to raise in a § 2241 petition. *See Dickey v. Warden*, FCI Marianna, No. 5:22-cv-84-TKW-ZCB, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release or alteration of sentence would not follow), *report and recommendation adopted*, 2022 WL 17968838 (N.D. Fla. Dec. 27, 2022), *aff'd* No. 23-10337, 2023 WL 5014363 (11th Cir. 2023).

Finally, due to the expiration of the CARES Act, Hoehn's eligibility for home confinement is once again governed by 18 U.S.C. § 3624(c)(2), which provides in pertinent part:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of

> 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2). According to the Warden, any request for consideration for home confinement under this section is premature because Hoehn is not eligible for home confinement until six months before her projected release date, on or about July 10, 2029 *See* https://www.bop.gov/inmateloc/ (reflecting projected release date of January 10, 2030).

Based on the forgoing, the Court finds any claim regarding the application of the CARES Act has been rendered moot by the expiration of the Act, and Hoehn is not otherwise entitled to relief.

Accordingly, it is ORDERED:

Hoehn's Motion to Compel Magistrate Judge Midori A. Lowry to Take Action (ECF No 10) is DENIED as moot.

And it is respectfully RECOMMENDED:

1. Hoehn's petition under 28 U.S.C. § 2241, ECF No. 2, be DENIED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 6, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.